Federal Income Tax; proper treatment of anticipated salvage and subrogation by casualty insurance company; state regulation of insurance industry; variance from claim for refund. — Plaintiff, a casualty insurance company, seeks refund of taxes paid pursuant to a statutory notice of deficiency. The notice was issued when the plaintiff failed to include in income for the years 1967-1969 an estimate of anticipated recoveries from salvage and subrogation not yet reduced to cash or cash equivalent. Under section 832 of the Internal Revenue Code (1954), as elaborated by Treasury Regulation Sec. 1.832-4, an insurance company is required to reduce its deduction for "paid losses” by an estimate of anticipated recoveries from salvage and subrogation not yet reduced to cash or cash equivalent. An exception exists however where an "express statutory provision” or "rules or regulations of an insurance department” of any state in which the company transacts business prohibits such a reduction. During the tax years at issue, plaintiff did not reduce its losses paid by any estimates of salvage and subrogation not yet reduced to cash or cash equivalent. Plaintiff contends that it is entitled to a refund of the amount paid in satisfaction of the asserted deficiencies because, during the years in issue, the insurance department of at least one state in which it transacted business had an express rule or regulation prohibiting the reduction of losses paid by salvage and subrogation recoverable but not yet reduced to cash or equivalent. Defendant counters that the states in question, Illinois and Maryland, did not have such a statute or rule. On June 7, 1979 Trial Judge Lloyd Fletcher filed a recommended opinion (reported in full at 79-2 USTC ¶ 9410 and 44 AFTR 79-5132) holding that plaintiff transacted business in a state, or states, which prohibited reduction of paid losses by an estimate of salvage and subrogation not yet reduced to cash or cash equivalent. Consequently, plaintiff was not required to do so for federal tax purposes, and is entitled to a tax refund. The trial judge also found that there was no substantial variance between plaintiffs claim for refund and suit. On March 14, 1980 the *653 court, by order, adopted the recommended decision as the basis for its judgment in this case and entered judgment for plaintiff with the amount of recovery to be determined in further proceedings under Rule 131(c). On June 27, 1980 the court entered judgment for plaintiff for $1,337,066.85, together with statutory interest.